1

2

3

4

5

6

7

8

9

10

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11 | ALFRED ARTHUR SANDOVAL,  )        No. C 16-0460 LHK (PR)
                                      )
12 |            Plaintiff,            )        ORDER OF SERVICE;
                                      )        DIRECTING DEFENDANTS TO
13 |     v.                           )        FILE DISPOSITIVE MOTION OR
                                      )        NOTICE REGARDING SUCH
14 | G. LEWIS, et al.,                )        MOTION
                                      )
15 |            Defendants.           )
    _____ )

16

17         Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint under

18 | 42 U.S.C. § 1983.  Plaintiff is granted leave to proceed in forma pauperis in a separate order.

19 | For the reasons stated below, the court orders service upon defendants, and directs defendants to

20 | file a dispositive motion or notice regarding such motion.

                                **DISCUSSION**

21

A.     Standard of Review

22

23         A federal court must conduct a preliminary screening in any case in which a prisoner

24 | seeks redress from a governmental entity or officer or employee of a governmental entity. *See*

25 | 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss

26 | any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or

27 | seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C.

28 | § 1915A(b)(1), (2).  *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\LHK\CR.16\Sandoval460srv.wpd

1    *Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

2        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements:

3 (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that

4 the alleged violation was committed by a person acting under the color of state law. *See West v.*

5 *Atkins*, 487 U.S. 42, 48 (1988).

6    B.      <u>Legal Claims</u>

7        Plaintiff alleges that defendants knowingly housed him in the same section of the Secured

8 Housing Unit with a known and documented enemy.  In addition, plaintiff states that on

9 February 1, 2014, Officer Westerman, the control booth officer, opened plaintiff's cell door,

10 releasing him from his cell at a time when plaintiff's documented enemy had also been released

11 and was in the yard.  When plaintiff was close to the yard, plaintiff was attacked.  Prison officials

12 attempted to stop the attack, and as a result, plaintiff was shot by a 40 mm launcher and sprayed

13 with pepper spray.

14        Liberally construed, plaintiff has stated cognizable claims that defendants were

15 deliberately indifferent to his safety, in violation of the Eighth Amendment

16                              **CONCLUSION**

17        1.      The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of

18 Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint

19 and all attachments thereto (docket no. 1), and a copy of this order to **Former Warden G.**

20 **Lewis, Associate Warden Dave Barneburg, Sgt. Jeremy Frisk, and Correctional Officer**

21 **Robert Westerman**, at **Pelican Bay State Prison**.  The clerk of the court shall also mail a

22 courtesy copy of the complaint and a copy of this order to the California Attorney General's

23 Office.  Additionally, the clerk shall mail a copy of this order to plaintiff.

24        2.      Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure

25 requires them to cooperate in saving unnecessary costs of service of the summons and complaint.

26 Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on

27 behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear

28 the cost of such service unless good cause be shown for their failure to sign and return the waiver

1    form.  If service is waived, this action will proceed as if defendants had been served on the date

2    that the waiver is filed, and defendants will not be required to serve and file an answer before

3    **sixty (60) days** from the date on which the request for waiver was sent.  Defendants are asked to

4    read the statement set forth at the bottom of the waiver form that more completely describes the

5    duties of the parties with regard to waiver of service of the summons.  If service is waived after

6    the date provided in the Notice but before defendants have been personally served, the Answer

7    shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty**

8    **(20) days** from the date the waiver form is filed, whichever is later.

9          3.      No later than **sixty (60) days** from the date the waivers are sent from the court,

10   defendants shall file a motion for summary judgment or other dispositive motion with respect to

11   the cognizable claims in the complaint.  Any motion for summary judgment shall be supported

12   by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal

13   Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be**

14   **granted, nor qualified immunity found, if material facts are in dispute.  If defendants are of**

15   **the opinion that this case cannot be resolved by summary judgment, they shall so inform**

16   **the court prior to the date the summary judgment motion is due.**

17         4.      Plaintiff's opposition to the dispositive motion shall be filed with the court and

18   served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is

19   filed.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and

20   *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must

21   come forward with evidence showing triable issues of material fact on every essential element of

22   his claim).

23         5.      Defendants shall file a reply brief no later than **fourteen (14) days** after plaintiff's

24   opposition is filed.

25         6.      The motion shall be deemed submitted as of the date the reply brief is due.  No

26   hearing will be held on the motion unless the court so orders at a later date.

27         7.      All communications by the plaintiff with the court must be served on defendants

28   or defendants' counsel, by mailing a true copy of the document to defendants or defendants'

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\LHK\CR.16\Sandoval460srv.wpd          3

1   counsel.

2        8.        Discovery may be taken in accordance with the Federal Rules of Civil Procedure.

3   No further court order is required before the parties may conduct discovery.

4        9.        It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court

5   and all parties informed of any change of address and must comply with the court's orders in a

6   timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute

7   pursuant to Federal Rule of Civil Procedure 41(b).

8        IT IS SO ORDERED.

9   DATED: 4/7/2016

LUCY H. KOH
United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion
P:\PRO-SE\LHK\CR.16\Sandoval460srv.wpd          4