FILED

FEB 06 2017

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALFRED ARTHUR SANDOVAL,<br><br>Plaintiff,<br><br>v.<br><br>G. LEWIS, et al.,<br><br>Defendants. | Case No. 16-CV-0460 LHK (PR)<br><br>**ORDER DENYING DEFENDANTS' MOTION TO DISMISS; GRANTING DEFENDANT WESTERMAN'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. Nos. 25, 30, 33 |

Plaintiff, a California prisoner proceeding *pro se*, has filed a civil rights complaint, pursuant to 42 U.S.C. § 1983. In the complaint, plaintiff alleges that defendants were deliberately indifferent to his safety. Defendants J. Frisk, Warden G. Lewis, and D. Barneburg have filed a motion to dismiss based on the failure to exhaust. Plaintiff has filed an opposition, and defendants have filed a reply. Defendant R. Westerman has filed a motion for summary judgment. Plaintiff has filed an opposition to that motion, and Westerman has filed a reply. Plaintiff has also filed an "order to show cause" for a preliminary injunction, which the court construes as a motion for a

preliminary injunction. Frisk, Lewis, and Barneburg have filed an opposition. For the reasons stated below, the motion to dismiss is denied without prejudice to renewal in a motion for summary judgment; the motion for summary judgment is granted; and the motion for a preliminary injunction is denied without prejudice.

## BACKGROUND

On October 5, 2011, plaintiff was moved from Pelican Bay State Prison's administrative housing unit to the Security Housing Unit ("SHU") Facility-D-four block. Compl. ¶ 9. This move was initiated, reviewed, and approved by defendants Frisk, Lewis, and Barneburg. *Id.* ¶ 11. Frisk, Lewis, and Barneburg knew that a documented enemy of plaintiff's was also housed in the same unit. *Id.* ¶¶ 12, 22. Inmates in Facility-D-four block do not have the ability to physically interact with each other. Westerman Decl. ¶ 3. They are segregated by individual cells, and are allowed 1.5 hours of alone time in the yard. *Id.* The cell and yard doors are closed unless there is some specific need to open them. *Id.*

Over two years later, on February 1, 2014, plaintiff was in his cell using fingernail clippers. When he was finished, he was supposed to let the control booth officer know so that plaintiff could be released from his cell to take the fingernail clippers to the next inmate to use. Compl. ¶ 14. The control booth officer is responsible for releasing inmates from their cells for purposes such as going to the shower, going to the yard, attending medical service, etc. Westerman Decl. ¶ 2. Plaintiff called out to Westerman, the control booth officer, and Westerman opened plaintiff's cell door so that plaintiff could bring the fingernail clippers to the next inmate, who was housed on the lower tier. Compl. ¶¶ 15-16. After plaintiff walked down the stairs, plaintiff noticed that the yard door was open when it should not have been because no two inmates were allowed to be out of their cells at the same time. *Id.* ¶ 17.

Suddenly, someone appeared at the yard door, and plaintiff and this person began to fight.

Case No. 16-CV-0460 LHK (PR)
ORDER DENYING DEFENDANTS' MOTION TO DISMISS; GRANTING DEFENDANT WESTERMAN'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

2

*Id.* ¶ 18. The fight continued into the yard. Westerman closed the yard door, which locked plaintiff in the yard with his opponent. *Id.* ¶ 19. Plaintiff could hear correctional officers yelling at plaintiff to get down. *Id.* Plaintiff was then shot with a 40 mm launcher and pepper spray. *Id.* ¶ 20. Ultimately, both inmates required medical attention for gun shot wounds, bruises, and decontamination. *Id.* ¶ 21. After an incident report was written about the altercation, plaintiff learned that the inmate with whom plaintiff fought was Inmate Salinas, who had been documented as an enemy of plaintiff in 2003. Westerman Decl. Ex. A ("Pl. Depo.") at 63.

Plaintiff and Inmate Salinas had been housed in the same unit together for approximately 2.5 years without any incident aside from one verbal altercation. *Id.* at 38, 86. Plaintiff believes that Westerman purposely opened plaintiff's door, knowing that Inmate Salinas was also out of his cell. *Id.* at 87. Plaintiff believes this to be so because in the SHU, there are security procedures in place to tell the control booth officer when a cell door is open so that the control booth officer knows how many doors are open before the officer decides to open another door. *Id.*

Plaintiff alleges that Frisk, Lewis, and Barneburg were deliberately indifferent to plaintiff's safety by housing him in the same unit as Inmate Salinas, a documented enemy of plaintiff. Plaintiff also alleges that Westerman was deliberately indifferent to plaintiff's safety by intentionally releasing both Inmate Salinas and plaintiff out of their cells at the same time.

## MOTION TO DISMISS

The Prison Litigation Reform Act of 1995 (PLRA) mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 . . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Failure to exhaust under the PLRA is "an affirmative defense the defendant must plead and prove." *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007). Prisoners are not required to specifically plead or demonstrate exhaustion

Case No. 16-CV-0460 LHK (PR)
ORDER DENYING DEFENDANTS' MOTION TO DISMISS; GRANTING DEFENDANT WESTERMAN'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

3

in their complaints. *Id.* at 215-17.

In the rare event that a failure to exhaust is clear on the face of the complaint, a defendant may move for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). Otherwise, defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.*

Defendants bear the burden of proving that there was an available administrative remedy that the prisoner did not exhaust. *Id.* at 1172. If defendants meet this burden, then the burden shifts to plaintiff to "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* Since exhaustion is an affirmative defense, defendants bear the burden of demonstrating "that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of the process." *Brown v. Valoff*, 422 F.3d 926, 936-37 (9th Cir. 2005).

Frisk, Lewis, and Barneburg submit that plaintiff's administrative appeal, Log No. PBSP-D-14-00488, which is attached to plaintiff's complaint does not exhaust plaintiff's claim against Frisk, Lewis, or Barneburg that they intentionally housed plaintiff with a known and documented enemy. Defendants argue that the grievance attached to plaintiff's complaint did not mention Frisk, Lewis, or Barneburg, nor did it sufficiently inform prison officials of the nature of plaintiff's claim against them.

Based only on the one grievance plaintiff identified in his complaint, defendants argue that plaintiff failed to exhaust his claim against Frisk, Lewis, or Barneburg. It is defendants' burden to plead or prove that there remained available remedies that plaintiff did not utilize. In their reply, defendants state plaintiff "could have submitted" an appeal against defendants but he did not. Reply at 5. However, under the Rule 12(b)(6) standard, the court does not consider the additional

Case No. 16-CV-0460 LHK (PR)
ORDER DENYING DEFENDANTS' MOTION TO DISMISS; GRANTING DEFENDANT WESTERMAN'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

4

factual allegations outside of plaintiff's complaint. *See Van Buskirk v. Cable News Network*, 284 F.3d 977, 980 (9th Cir. 2002) (generally, a court may look only at the face of the complaint when deciding a motion to dismiss); *see also United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003) (on Rule 12(b)(6) motion, court may consider documents attached to pleadings, documents incorporated by reference into a complaint, or matters of judicial notice without converting the motion into one for summary judgment). There is no evidence from which the court can determine whether pertinent relief remained available, or whether plaintiff complained about Frisk, Lewis, or Barneburg in another unidentified grievance. Thus, defendants have not met their initial burden "that pertinent relief remained available, whether at unexhausted levels of the grievance process or through awaiting the results of the relief already granted as a result of the process." *Brown*, 422 F.3d at 936-37.

When considering only plaintiff's complaint and the attached copy of plaintiff's administrative appeal, Log No. PBSP-D-14-00488, defendants have not met their burden of proving that there remained remedies available to plaintiff, or that plaintiff failed to file any other grievance regarding his claim against Frisk, Lewis, and Barneburg within the relevant time frame. Consequently, this is not one of "those rare cases" where the failure to exhaust is clear from the face of the complaint. *Albino*, 747 F.3d at 1169.

Accordingly, Frisk, Lewis, and Barneburg's motion to dismiss is denied without prejudice to renewing their argument in a comprehensive motion for summary judgment.

### WESTERMAN'S MOTION FOR SUMMARY JUDGMENT

Plaintiff alleges that Westerman, the control booth officer for Facility-D-four block, opened plaintiff's cell door knowing that Inmate Salinas, a documented enemy, was also out of his cell, which resulted in a physical altercation in which plaintiff was injured. Plaintiff claims that Westerman was deliberately indifferent to plaintiff's safety. Westerman moves for summary

Case No. 16-CV-0460 LHK (PR)
ORDER DENYING DEFENDANTS' MOTION TO DISMISS; GRANTING DEFENDANT WESTERMAN'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

5

judgment, alleging that there is an absence of evidence to show that Westerman exhibited deliberate indifference.

I.  Standard of review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *See id.*

The court will grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial [,] . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Id.* The burden then shifts to the nonmoving party to "go beyond the pleadings, and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *See id.* at 324 (internal quotations omitted).

For purposes of summary judgment, the court must view the evidence in the light most favorable to the nonmoving party; if the evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the court must assume the truth of the evidence submitted by the nonmoving party. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999). The court's function on a summary judgment motion is not to make credibility determinations or

Case No. 16-CV-0460 LHK (PR)
ORDER DENYING DEFENDANTS' MOTION TO DISMISS; GRANTING DEFENDANT WESTERMAN'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

6

weigh conflicting evidence with respect to a disputed material fact. *See T.W. Elec. Serv. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

II.  Deliberate indifference to safety

The Eighth Amendment requires that prison officials take reasonable measures to guarantee the safety of prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In particular, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Id.* at 833. The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. To act with deliberate indifference, the official not only must have been aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, but also actually must have drawn that inference. *Id.* at 837.

Neither negligence nor gross negligence will constitute deliberate indifference. *See Farmer*, 511 U.S. 825, 835-36 & n.4 (1994). A prison official cannot be held liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the standard for criminal recklessness is met, i.e., the official knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *See id.* at 837. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference. *See id.*

According to Westerman, at the time Westerman opened plaintiff's cell door, Westerman had been distracted by maintenance staff, and did not realize that the yard door was already open. Westerman Decl. ¶ 6. Westerman admits he should not have allowed inmates out of their cells at the same time, and that his action was based on an inadvertent mistake. *Id.* Plaintiff's contrary

Case No. 16-CV-0460 LHK (PR)
ORDER DENYING DEFENDANTS' MOTION TO DISMISS; GRANTING DEFENDANT WESTERMAN'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

7

assertion that Westerman purposely permitted both plaintiff and Inmate Salinas out of their cells at the same time is based on nothing but speculation.

Even after the parties had an opportunity to conduct discovery, plaintiff has presented no evidence from which it can be inferred that Westerman's act of opening plaintiff's cell door at the same time that Inmate Salinas was in the yard was anything more than a mistake. It is undisputed that Westerman had no input in assigning plaintiff's housing, and thus, Westerman is not responsible for housing plaintiff with plaintiff's "documented enemy." *Id.* ¶¶ 7, 9. Further, there is a lack of evidence that Westerman knew that Inmate Salinas was a documented enemy of plaintiff, or that plaintiff was otherwise in danger from Inmate Salinas. The undisputed evidence instead shows that plaintiff and Inmate Salinas had been housed in the same unit for 2.5 years without any incident aside from one verbal altercation, and there is no evidence that Westerman was aware of even that conflict. During his deposition, plaintiff admitted that plaintiff has never had any problems with Westerman, and had no knowledge of why Westerman would want plaintiff harmed. Westerman Decl., Ex. A ("Pl. Depo.") at 84-85. This is not a case in which plaintiff expressed any concern to Westerman about being housed in the same unit as Inmate Salinas. In fact, in both plaintiff's deposition and declaration, plaintiff admits that plaintiff did not even know that Inmate Salinas was a documented enemy of plaintiff until after the fight concluded. *Id.* at 63; Dkt. No. 39 ("Pl. Decl.") ¶ 8. Finally, although plaintiff's complaint and declaration state that after "[a] figure appeared at the yard door," "an altercation ensued," Compl. ¶ 18; Pl. Decl. ¶ 6, in plaintiff's deposition, plaintiff clarified that when Inmate Salinas put his hands up, plaintiff "went at [Inmate Salinas]" first. Pl. Depo. at 102.

In sum, there is no factual evidence from which it can be inferred that Westerman opened plaintiff's cell door, knowing that plaintiff faced a substantial risk of harm because Inmate Salinas was also out of his cell. *See Berg v. Kincheloe*, 794 F.2d 457, 459 (9th Cir. 1986) (to demonstrate

Case No. 16-CV-0460 LHK (PR)
ORDER DENYING DEFENDANTS' MOTION TO DISMISS; GRANTING DEFENDANT WESTERMAN'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

8

deliberate indifference, a prison officer must have "more than a mere suspicion that an attack will occur."); *see, e.g.*, *Labatad v. Corrections Corp. of America*, 714 F.3d 1155, 1160-61 (9th Cir. 2013) (refusing to infer subjective awareness of a risk of harm in a case where defendants housed different gang members in the same cell when plaintiff provided no information about who he spoke to or what he said when plaintiff asserted that he told an officer about his concerns); *Gronquist v. Nicholas*, No. C10-5374 RBL/KLS, 2011 WL 4001103, *10-*11 (W.D. Wash. Aug. 12, 2011) (granting summary judgment to prison officials when they violated policy by allowing an inmate to access the wrong cell, but there was no evidence that prison officials knew the plaintiff was in any particular danger from the other inmate). While Westerman may have violated prison policy by having two inmates out of their cells at the same time, at most, Westerman was negligent which is insufficient to sustain a deliberate indifference claim. *See Farmer*, 511 U.S. at 835-36 & n.4; *see, e.g.*, *Longoria v. Texas*, 473 F.3d 586, 593 n.9 (5th Cir. 2006) (stating that prison officials violated a directive "which required that no more than two inmates be removed from their cells at one time during lockdown, but recognizing that "[d]eviation from policy alone might support a negligence claim, but is insufficient by itself to support an argument for deliberate indifference").

Thus, there is no genuine issue of material fact to show that Westerman was deliberately indifferent. Accordingly, Westerman's motion for summary judgment is granted.

## MOTION FOR PRELIMINARY INJUNCTION

Plaintiff filed an "order to show cause for a preliminary injunction," which the court construes as a motion for preliminary injunction. In the motion, plaintiff argues that non-defendant prison officials are violating a variety of his constitutional rights. He requests the court issue a preliminary injunction or temporary restraining order ("TRO") to protect plaintiff from further violations.

Case No. 16-CV-0460 LHK (PR)
ORDER DENYING DEFENDANTS' MOTION TO DISMISS; GRANTING DEFENDANT WESTERMAN'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

9

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original). The standard for issuing a TRO is similar to that required for a preliminary injunction. *See Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J., dissenting).

A plaintiff is not entitled to an injunction based on claims not pled in the complaint. *Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015). "[T]here must be a relationship between the injury claimed in the motion for injunctive relief and the conduct asserted in the underlying complaint. This requires a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself." There is a sufficient nexus if the interim order "would grant 'relief of the same character as that which may be granted finally.'" *Id.* (citation omitted); *see, e.g., id.* at 636-38 (district court properly denied plaintiff's request for an injunction to prevent HIPAA violation, where plaintiff had not asserted a claim for a HIPAA violation). In plaintiff's motion, plaintiff does not request an injunction based on his deliberate indifference to safety claims. Rather, the declaration to his motion complains of unwanted rehousing assignments; multiple cell searches; plaintiff's placement into the administration segregation unit; the refusal to issue plaintiff "legal materials"; and a refusal to file plaintiff's grievance regarding missing legal documents. Dkt. No. 33 at 3-4. However, none of these allegations are based on, or connected to, plaintiff's underlying federal claim.

In addition, an injunction is binding only on parties to the action, their officers, agents, servants, employees and attorneys and those "in active concert or participation" with them. Fed. R. Civ. P. 65(d)(2). The only mention of any defendant in the motion is plaintiff's statement that

Case No. 16-CV-0460 LHK (PR)
ORDER DENYING DEFENDANTS' MOTION TO DISMISS; GRANTING DEFENDANT WESTERMAN'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

10

Frisk was a supervising lieutenant of the administrative segregation unit. Dkt. No. 33 at 3-4. Plaintiff does not, however, claim that Frisk or any other defendant engaged in the challenged actions as alleged in the motion. Moreover, plaintiff does not assert that the non-defendant officers named in in the motion are defendants' officers, agents, servants, employees, attorneys or are "in active concert or participation" with the defendants in this case. *See id.*

For those reasons, plaintiff's motion for preliminary injunction is denied without prejudice.

## CONCLUSION

1. Defendants Frisk, Lewis, and Barneburg's motion to dismiss is DENIED without prejudice to renewal in a motion for summary judgment.

2. Defendant Westerman's motion for summary judgment is GRANTED.

3. Plaintiff's motion for a preliminary injunction is DENIED without prejudice.

4. No later than **sixty (60) days** from the filing date of this order, defendants Frisk, Lewis, and Barneburg shall file a comprehensive motion for summary judgment with respect to the cognizable claim in the complaint. The motion shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.</u>**

5. Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of

Case No. 16-CV-0460 LHK (PR)
ORDER DENYING DEFENDANTS' MOTION TO DISMISS; GRANTING DEFENDANT WESTERMAN'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION

his claim).

6. Defendants shall file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

7. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

8. All communications by the plaintiff with the court must be served on defendants' counsel, by mailing a true copy of the document to defendants' counsel.

9. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

10. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

DATED: 2/6/2017

LUCY H. KOH
UNITED STATES DISTRICT JUDGE

Case No. 16-CV-0460 LHK (PR)
ORDER DENYING DEFENDANTS' MOTION TO DISMISS; GRANTING DEFENDANT WESTERMAN'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION